IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 05-CR-12-TCK |
| | ) | |
| MARK LANE BELL, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Before the Court is the Defendant, Mark Lane Bell's ("Bell") Motion for Reduction of Sentence Under the First Step Act (Doc. 64) and the Plaintiff's Response in Opposition (Doc. 68). The government urges the Court to deny Bell's Motion because this Court has already given him the benefit he seeks by varying downward at his original sentencing based in part on the disparity between crack and powder cocaine, and because the original sentence continues to reflect a substantial variance below his reduced guidelines range.

**I. Background**

In 2006, Bell pleaded guilty to possessing cocaine base with the intent to distribute and possessing a firearm in furtherance of that drug trafficking crime. (Doc. 46). According to the Presentence Report ("PSR"), Bell was responsible for 103.29 grams of cocaine base. (PSR at ¶ 15). The PSR classified Bell as a career offender because he had two prior felony controlled substance offenses at the time of the offense. *Id.* at ¶ 20. His career offender classification resulted in a total offense level of 34 and a category VI criminal history. *Id.* at ¶¶ 23, 31. Without the career offender classification, Bell would have faced an offense level of 29 and a category IV criminal history. *See* PSR at ¶¶ 15, 22, 31. Because Bell was convicted of both a drug offense and a § 924(c)

violation, he faced the higher of; "(A) the sum of the range for the drug offense and the mandatory 60-month term required by § 924(c), or (B) the applicable range under USSG § 4B1.1(c)(2)(B)." *See* PSR at ¶ 21. The former resulted in a higher sentencing range, so Bell faced a total guideline range of 322 to 387 months. *Id*. at ¶¶ 21, 44, 45. At sentencing, this Court granted Bell a substantial downward variance, finding that although he "technically me[t] the guidelines" for sentencing as a Career Offender, Bell had committed the two offenses that formed his Career Offender predicates at the ages of sixteen and eighteen. (Statement of Reasons, Attachment A). Moreover, the Court noted that Bell's career offender predicate convictions did not appear to involve violence, weapons, or anything more than a small amount of drugs, and Bell did not receive a prison sentence for either offense. *Id*. "Another factor the Court [] considered [wa]s the huge disparity, between offenses involving crack cocaine and powder cocaine because of the mandatory statutory sentencing requirements and the advisory guideline ranges." *Id*. This Court noted that had Bell's federal offense involved powder cocaine, his guidelines range would have been dramatically lower, and that "the Sentencing Commission has studied the issue and has urged Congress to reduce what the Commission believes is a sentencing disparity." For these reasons, and applying the §3553(a) factors, the Court varied downward to a range of 121 to 151 months on the drug count. *Id*. The Court imposed a total sentence of 200 months, comprised of a 140-month term on the drug count and a mandatory consecutive 60-month term for the § 924(c) conviction. (Doc. 46). The Court also imposed concurrent 60-month terms of supervised release on each of the two counts.

In 2015, Bell sought a sentence reduction under 18 U.S.C. § 3582 based upon USSG Amendment 782. (Doc. 57). This Court denied the 3582 motion, because Amendment 782 did not reduce his career offender guideline range on Count One, and the § 924(c) charge in Count Two

was not eligible for a reduction under Amendment 782. (Doc. 58). Thus, Bell continued to serve the 200-month sentence imposed in 2006.

On December 21, 2018, the First Step Act of 2018 took effect, adopting a variety of criminal justice reforms, including a provision making the Fair Sentencing Act of 2010 retroactive. First Step Act of 2018 § 404, Pub. L. 115-391, 132 Stat. 5194 (2018). The Fair Sentencing Act was intended to "reduce the 100-to-1 sentencing disparity between crack and powder cocaine in Federal Law." Pub. L. No. 111-220, 1224 Stat. 2372 (2010); *see* 155 Cong. Rec. S10490-93; 156 Cong. Rec. H6916- 01. On April 15, 2019, Bell filed a motion seeking a sentence reduction under the First Step Act of 2018. (Doc. 64). Bell acknowledged that even after application of the First Step Act, he faced an aggregate sentencing range of 262-327 months of imprisonment, well in excess of the 200-month sentence he received from this Court. *Id*. at 11. He nonetheless asked this Court to vary below the revised Guidelines minimum and reduce his term of supervised release to four, rather than five, years. *Id*. at 12-14.

After the government responded, opposing Bell's motion, the Bureau of Prisons released Bell on July 19, 2019, mooting his request for a sentence reduction. (See Exhibit 1) Therefore, to the extent that Bell has already received the relief he sought in his motion, this Court denies his request for sentence reduction as moot. However, in his motion, Bell also requests that the Court reduce his supervised release terms to the statutory minimum of four years on each count. (Doc. 64 at 14). This request was not mooted by Bell's release. See, *United States v. Zamora*, 791 F. App'x 693, (10th Cir. Oct. 15, 2019) (sentencing appeal mooted where defendant did not challenge his supervised release term before the district court). This Court originally sentenced Bell to the minimum five-year term of supervised release available at the time of his sentencing. (PSR at ¶47). Although the First Step Act reduced the minimum term of supervised release to four years, Bell

acknowledges that his five-year terms remain valid within the applicable statutory maximum. (Doc. 64 at 14). This Court denies Bell's motion, and leaves his concurrent five-year terms in place, allowing the United States Probation Office to continue assisting Bell in his transition from prison to the community.

### III. Conclusion

For the reasons set forth above, this Court dismisses Bell's motion as moot in part, and denied in part.

**IT IS SO ORDERED this 23rd day of July, 2020.**

*[signature]*
TERENCE C. KERN
United States District Judge